

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-18-00083-CR

___

ENRICO GUADALUPE ZAMBRANO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20453-1705, Honorable Kregg Hukill, Presiding

___

May 2, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

After a jury trial, appellant Enrico Guadalupe Zambrano was convicted of continuous sexual abuse of a child[1] and sentenced to thirty years of confinement.[2] Appellant's appointed counsel filed a brief in compliance with *Anders v. California,* 386 U.S. 738 (1967), in support of a motion to withdraw. Agreeing with appointed counsel's

___

[1] TEX. PENAL CODE ANN. § 21.02 (West 2018).

[2] This is a first-degree felony punishable by imprisonment for life or for any term of not more than ninety-nine years or less than twenty-five years. TEX. PENAL CODE ANN. § 21.02(h).

conclusion the record fails to show any arguably meritorious issue that could support the appeal, we will affirm the trial court's judgment and grant counsel's motion.

The child victim of appellant's offense was his fourteen-year-old daughter L.Z. L.Z. testified in detail about numerous instances of sexual abuse by appellant beginning when she was about six years old and ceasing when she was about twelve. She told the jury about instances of such abuse in at least four different locations where the family lived, all occurring over a period lasting more than thirty days. She described those repeated instances as appellant putting "his mouth on my middle part," putting "his hands on my middle part," and putting "his middle part on my middle part."

L.Z.'s mother testified that when L.Z. was twelve, L.Z. told her that appellant touched her "private," put his private on her private, put his mouth on her private, and exposed himself to her. This behavior occurred over the span of six or seven years. The mother testified that when she asked appellant if he had done these things to their daughter, appellant told her he "couldn't tell me yes or he couldn't tell me no." A forensic interviewer also testified to L.Z.'s statements to him about recurring acts of sexual abuse by appellant. When recalled during the defense's case, he testified L.Z. told him about instances occurring in nine different places.

Appellant also testified, denying all of the allegations but venturing no explanation for her accusations. During his case, appellant called several witnesses, some of whose testimony could be taken to support appellant's claim L.Z.'s accusations were fabricated. His witnesses also, however, included K.Z., the twelve-year-old sister of L.Z. In response to counsel's question asking whether she ever saw appellant "do anything inappropriate with any of you kids," she responded, "I don't know. My sister was on the couch, and he

2

was on his knees, but I don't know—his head was in her lap, but I don't know if it was sexual or not."

The jury found appellant guilty as charged in the indictment and sentenced him to a term of imprisonment of thirty years, a term near the minimum of the range of punishment. Evidence of appellant's prior criminal history was before the jury.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of appellant's conviction. *Anders*, 386 U.S. at 744-45; *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel filed an unusually thorough *Anders* brief, comprising some ninety-two pages, in which he meticulously discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* by: (1) providing a copy of the brief and the appellate record to appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *Kelly v. State,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by counsel. Appellant has filed a response raising numerous issues.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we remand it to the trial court for

3

appointment of new counsel.  *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

By his *Anders* brief, counsel raises several grounds that could possibly support an appeal but systematically explains why he concludes none show arguably reversible error.  Counsel carefully describes, analyzes, discusses, and comments on the evidence, objections, and rulings in the case. In addition, counsel's brief addresses the performance of trial counsel.  He cites many cases and statutes in support of his analysis.  And, at various points in his brief, he includes "intermissions" designed to further explain certain points for appellant.  After his thorough evaluation of the record, counsel concludes the appeal is frivolous.  We have reviewed each ground raised by counsel, reviewed each claim raised by appellant, and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal.  *See Penson v. Ohio,* 488 U.S. 75 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).  We have found no arguable grounds supporting a claim of reversible error and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after this opinion is issued, send appellant a copy of the opinion and judgment, along with notification of his right to file a pro se petition for discretionary review.  TEX. R. APP. P. 48.4.